Marshall Hunt
Davis Miles McGuire Gardner, PLLC
40 East Rio Salado Parkway, Suite 425
Tempe, Arizona 85281
Ariz. Bar No. 031060
(480) 344-0972
efile.dockets@davismiles.com

Attorney for Plaintiff

Courtney Lowery
Josh Sanford
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Ariz. Bar No. 031060
(501) 221-0088
courtney@sanfordlawfirm.com
josh@sanfordlawfirm.com

Attorneys for Plaintiff
*Pro hac vice* motions to be filed

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Danielle Cleveland,<br><br>      Plaintiff,<br><br>v.<br><br>Concrete Construction Services of Arizona, LLC,<br><br>      Defendant. | NO. 2:21-cv-<br><br>**ORIGINAL COMPLAINT** |

COMES NOW Plaintiff Danielle Cleveland ("Plaintiff") by and through her attorneys Marshall Hunt of Davis Miles McGuire Gardner, PLLC, and Courtney Lowery

and Josh Sanford of Sanford Law Firm, PLLC, each *pro hac vice* to be filed, and for her Original Complaint ("Complaint") against Defendant Concrete Construction Services of Arizona, LLC ("Defendant"), she states and alleges as follows:

## I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and overtime provisions of Arizona Revised Statute § 23-391.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and Arizona state law.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges Arizona state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Phoenix Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff is an individual and resident of Maricopa County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is DMM Corporate Services, LLC, at 6730 North Scottsdale Road, Suite 220, Scottsdale, Arizona 85253.

### IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant operates a construction company in Phoenix.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles, fuel, tools and equipment.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant employed Plaintiff as a Dispatcher from December of 2017 until March of 2021.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

17. As a Dispatcher, Plaintiff's primary duties were to dispatch concrete and crews to job sites, place orders, and to change or cancel orders when necessary.

18. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

19. Plaintiff did not have the authority to hire or fire any other employee.

20. Plaintiff was not asked to provide input as to which employees should be hired or fired.

21. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

22. In carrying out her duties, Plaintiff followed the policies and processes set by Defendant or others.

23. Plaintiff sought input from supervisors in lieu of making significant decisions on their own.

24. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

25. Plaintiff estimates she worked approximately 60 hours each week.

26. Plaintiff was required to work the entire time the office was open, which was 7 am to 4 pm, and she frequently remained in the office or at work after 4 pm.

27. Additionally, Plaintiff regularly performed work even when she wasn't in the office or after regular business hours, including taking calls from Defendant and making calls to cancel orders.

28. Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

29. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked.

30. Defendant did not have a timekeeping system whereby Plaintiff could record and submit her time to Defendant.

31. Some of the work Plaintiff completed was time stamped (e.g., emails and phone calls). Additionally, during the COVID-19 pandemic, Plaintiff would remote in to Defendant's server and, upon information and belief, there are records which show the times she logged in.

32. Defendant knew or should have known that Plaintiff was working hours over forty each week.

33. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**V.     FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA**

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

36. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38. Defendant either classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA, or misclassified Plaintiff as salaried and exempt from the requirements of the FLSA.

39. Defendant failed to pay Plaintiff for all hours worked.

40. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

41. Defendant knew or should have known that its actions violated the FLSA.

42. Defendant's conduct and practices, as described above, were willful.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

44. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF—VIOLATION OF A.R.S. § 23-391

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to A.R.S. § 23-391.

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of A.R.S. § 23-391.

49. A.R.S. § 23-391 requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours per week if overtime compensation is mandated by federal law.

50. Defendant failed to pay Plaintiff for all hours worked.

51. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

52. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Danielle Cleveland respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, A.R.S. § 23-291, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, A.R.S. § 23-391 and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, A.R.S. § 23-291 and their related regulations;

D. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

Such other and further relief as this Court may deem just and proper

DATED this 18th day of May, 2021.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

/s/ Marshall Hunt
Marshall Hunt
Ariz. Bar No. 031060
efile.dockets@davismiles.com

**SANDFORD LAW FIRM, PLLC**

Courtney Lowery
   Ark. Bar No. 2019236
   courtney@sanfordlawfirm.com
Josh Sanford
   Ark. Bar No. 2001037
   josh@sanfordlawfirm.com